**In re the DETENTION OF Robert SPRINGETT, Respondent–Appellant.**

**No. 00–0489.**

Court of Appeals of Iowa.

Aug. 15, 2001.

Thomas J. Gaul, Assistant Public Defender, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Roxann M. Ryan, Scott D. Brown, and Laura M. Roan, Assistant Attorneys General, for appellee.

Heard by SACKETT, C.J., and HUITINK and STREIT, JJ.

STREIT, J.

Robert Springett appeals from a jury's determination he is a sexually violent predator. On appeal, Springett asserts the following claims:

(1) Chapter 229A of the Iowa Code, the Sexually Violent Predator Act, violates federal and state prohibitions against ex post facto laws;

(2) Chapter 229A violates federal and state prohibitions against double jeopardy;

(3) Chapter 229A violates his federal and state rights to substantive due process;

(4) Chapter 229A violates his federal and state rights to equal protection;

(5) The trial court denied him due process when it refused to instruct the jury "likely to engage in predatory acts of sexual violence" means "highly likely to engage in acts of a sexually violent nature in the future if released";

(6) The trial court denied him due process when it refused to instruct the jury on a less-restrictive-alternative defense;

(7) The trial court denied him due process when it refused to instruct the jury a "mental abnormality" is "a volitional impairment that makes it difficult, if not impossible, for a person to control his or her behavior";

(8) The trial court erroneously instructed the jury his Nebraska conviction for first-degree forcible sexual assault was a "sexually violent offense"; and

(9) The trial court erroneously allowed the State to introduce the videotaped testimony of one of his victims.

The supreme court rejected claims identical to Springett's first, second, and third claims in *In re Detention of Garren*, 620 N.W.2d 275, 286 (Iowa 2000). Similarly, it rejected claims identical to his fourth, fifth, and sixth claims in *In re Detention of Williams*, 628 N.W.2d 447, 452–54 (Iowa 2001). We thus limit our discussion to Springett's final three claims.

### A. "Mental Abnormality."

 Springett claims the trial court denied him due process when it rejected his proposed jury instruction regarding what constitutes a "mental abnormality." We review de novo. *Id.* at 451.

To commit Springett to the custody of the director of the department of human services, the State was required to prove beyond a reasonable doubt Springett was a "sexually violent predator." Iowa Code § 229A.7(3) (1999).[1] A "sexually violent predator" is someone

> who has been convicted of or charged with a sexually violent offense and who suffers from a *mental abnormality* which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility.

*Id.* § 229A.2(8) (emphasis added). A "mental abnormality," in turn, is "a congenital or acquired condition affecting the *emotional or volitional capacity* of a person and predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." *Id.* § 229A.2(3) (emphasis added).

Springett acknowledges the trial court's instruction regarding "mental abnormality" mirrored the above-quoted statutory definition. Nonetheless, he argues its instruction should have included a paragraph stating, in pertinent part, the following: "Before you the jury may find [Springett] suffers from a mental abnormality, you must find the mental abnormality suffered by [him] is a *volitional impairment* that makes it difficult if not impossible for him to control his dangerous behavior." (Emphasis added.) He argues such language is necessary to comply with a seminal case on the constitutionality of sexual-predator-commitment statutes, *Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997).

---

1. All references involving chapter 229A are to the 1999 Iowa Code.

Springett relies heavily on the Kansas Supreme Court's interpretation and application of *Hendricks* in *In re Crane*, 269 Kan. 578, 7 P.3d 285 (2000), *cert. granted, Kansas v. Crane*, 532 U.S. 957, 121 S.Ct. 1483, 149 L.Ed.2d 372 (2001). In that sexual-predator-commitment case, the jury had been instructed one of the elements the State had to prove was the respondent "suffers from a *mental abnormality or personality disorder* which makes [him] likely to engage in future predatory acts of sexual violence, if not confined in a secure facility." *Crane*, 7 P.3d at 288 (emphasis added). The jury was further instructed a "mental abnormality" was a "condition affecting the *emotional or volitional capacity* which predisposes a person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others." *Id.* (emphasis added). The Kansas Supreme Court found the language in these instructions—particularly the language regarding "personality disorder" and "emotional ... capacity"—could encompass willful behavior. *Id.* at 289–90. Accordingly, it further found the jury had not been instructed to make the finding it believed *Hendricks* required:

A fair reading of the majority opinion in *Hendricks* leads us to the inescapable conclusion that commitment under the Act is unconstitutional absent a finding that the defendant cannot control his dangerous behavior. To conclude otherwise would require that we ignore the plain language of the majority opinion in *Hendricks*. *Justice Thomas, speaking* for the majority, stated that to be constitutional, a civil commitment must limit involuntary confinement to those "who suffer from a volitional impairment rendering them dangerous beyond their control." He noted that the Kansas Act set forth criteria to make such a finding by linking future dangerousness to a

"mental abnormality" or "personality disorder" that "makes it difficult, if not impossible," to control such behavior.

*Id.* at 290 (citations omitted) (emphasis added). The court reversed and remanded for a new trial. *Id.*

▨ We agree a sexual predator can only be committed if the State establishes he or she is dangerous and there is a sufficient link between that dangerousness and a mental disorder of some kind. *See Hendricks*, 521 U.S. at 358, 117 S.Ct. at 2080, 138 L.Ed.2d at 513 (discussing constitutionally valid commitment statutes). We do not believe, however, the causal link can only involve a "volitional impairment." *See In re Leon G.*, 26 P.3d 481, 485 (Ariz. 2001). As another court has stated,

Under [New Jersey's sexual-predator-commitment statute] a person may be deemed to have a mental abnormality that results in his inability to control his dangerousness in one of three different ways: an emotional impairment, a cognitive impairment, or a volitional impairment. While each type of impairment is distinct, their effect can be the same. A person with a volitional impairment might suffer from a sexual compulsion such that he can not control his actions. A person with an emotional impairment might be subject to fits of anger or meanness so extreme that he can not control his actions. A person with a cognitive impairment might suffer from hallucinations or diminished perceptions such that he can not control his actions. The key here is that any of these conditions might predispose a person to commit acts of sexual violence.

*In re Commitment of W.Z.*, 339 N.J.Super. 549, 773 A.2d 97, 108 (App.Div.2001) (citations omitted). Springett's proposed instruction regarding "mental abnormality"

is thus unduly narrow. We affirm the trial court.[2]

### B. Nebraska Conviction.

■ Springett also claims the trial court erred in instructing the jury his Nebraska conviction for first-degree forcible sexual assault was a "sexually violent offense." We review for correction of errors at law. Iowa R.App. P. 4. "We will not disturb a trial court's ruling on instructions absent an abuse of discretion." *State v. Webb,* 516 N.W.2d 824, 831 (Iowa 1994).

The State had to prove Springett had "been convicted of or charged with a sexually violent offense." *See* Iowa Code § 229A.2(8). Pursuant to section 229A.2(7), a "sexually violent offense" includes:

a. A violation of any provision of chapter 709.

b. A violation of any of the following if the offense involves sexual abuse, attempted sexual abuse, or intent to commit sexual abuse:

(1) Murder as defined in section 707.1.

(2) Kidnapping as defined in section 710.1.

(3) Burglary as defined in section 713.1.

(4) Child endangerment under section 726.6, subsection 1, paragraph "e".

c. Sexual exploitation of a minor in violation of section 728.12, subsection 1.

d. Pandering involving a minor in violation of section 725.3, subsection 2.

e. An offense involving an attempt or conspiracy to commit any offense referred to in this subsection.

f. An offense under prior law of this state or *an offense committed in another jurisdiction which would constitute an equivalent offense under paragraphs "a" through "e".*

g. Any act which, either at the time of sentencing for the offense or subsequently during civil commitment proceedings pursuant to this chapter, has been determined beyond a reasonable doubt to have been sexually motivated.

(Emphasis added.) The trial court instructed the jury as follows:

> You have heard evidence [Springett] has been convicted of First Degree Forcible Sexual Assault on February 15, 1989, in the District Court for Douglas County, Nebraska; and Sexual Abuse Third Degree, Pottawattamie County District Court, Council Bluffs Iowa, on December 27, 1993.
>
> Each of these convictions, by definition, is a sexually violent offense.

Springett argues this instruction was a misstatement of the law because the State did not present evidence showing the Nebraska offense of first-degree forcible sexual assault falls within section 229A.2(7)'s definition of "sexually violent offense." However, Springett's own testimony establishes first-degree forcible sexual assault is an offense "which would constitute an equivalent offense under paragraphs 'a'

---

**2.** We note various jurisdictions besides Kansas have addressed—with varied reasoning and results—claims comparable to Springett's claim the trial court should have instructed the jury a "mental abnormality" is "a volitional impairment that makes it difficult, if not impossible, for a person to control his or her behavior." *See In re Leon G.,* 26 P.3d 481 (Ariz.2001); *In re Detention of Varner,* 315 Ill.App.3d 626, 248 Ill.Dec. 518, 734 N.E.2d 226 (2000); *In re Linehan,* 594 N.W.2d 867 (Minn.1999), *cert. denied, Linehan v. Minnesota,* 528 U.S. 1049, 120 S.Ct. 587, 145 L.Ed.2d 488 (1999); *In re Commitment of W.Z.,* 339 N.J.Super. 549, 773 A.2d 97 (App.Div.2001); *In re Detention of Brooks,* 94 Wash.App. 716, 973 P.2d 486 (1999). The United States Supreme Court will likely hear oral arguments in *Kansas v. Crane* in the October 2001 term.

through 'e' [of section 229A.2(7)." *See* Iowa Code § 229A.2(7). At trial he admitted he had pled guilty to raping P.S., a fifty-one-year-old real estate agent from Omaha.[3] He further testified he asked P.S. to come to his home because he "wanted to lure her to the house and rape her." When P.S. arrived at his home, he "lured her inside and closed the door and locked it and tripped her to the floor." He then "just had sex with her." Given this evidence, the trial court did not abuse its discretion in concluding first-degree forcible sexual assault is a "sexually violent offense." We affirm the trial court.

### C. Victim Testimony.

██ Finally, Springett claims P.S.'s videotaped testimony regarding his sexual assault of her was inadmissible pursuant to Iowa Rule of Evidence 404(b).[4] We review for correction of errors at law. Iowa R.App. P. 4. "Rulings on relevance of evidence and method of proof are entrusted to the sound discretion of the trial court." *Williams,* 628 N.W.2d at 456.

Our supreme court addressed a similar claim in *Williams.* In that case, the respondent moved in limine to prevent the State from introducing proof of his prior convictions. *Id.* The trial court granted his motion—but only to the extent the State sought to prove its case through victim testimony. *Id.* On appeal, the supreme court found neither the respondent nor the State[5] had shown an abuse of discretion:

Plainly the proof of [the respondent's] prior convictions was essential, and therefore relevant, to the State's case. No commitment could be had without it. And [the respondent's] willingness to so stipulate did not prevent the State from tendering evidence on the issue. At the same time, [the respondent's] direct testimony on these crucial matters minimized the State's need for victim testimony. Victim testimony would have added little substance, but potentially distracting emotion, to the questions of prior sexual misconduct and likelihood of reoffending. We think the district court wisely balanced the issues of relevance and unfair prejudice here. No ground for reversal appears.

*Id.* at 457 (citation omitted). The respondent in *Williams* also appealed the trial court's decision to allow the State to rebut his testimony via victim testimony. The supreme court again found the respondent had not shown an abuse of discretion:

First, the evidence directly countered [the respondent's] claim that he has come to terms with his disorder and, therefore, need not be confined in a secure facility for treatment. Second, it was not cumulative of the conviction evidence permitted under the court's limine ruling. Its purpose was not to paint [the respondent] as a bad person but to give a complete picture of a person unable, or unwilling, to own up to past behaviors. Having an accurate portrait of the respondent was crucial to the

---

**3.** At trial, the State offered into evidence a certified copy of Springett's judgment and sentence for first-degree forcible assault. Springett was sentenced to "be imprisoned ... for a period of Not Less that Four (4) Years Nor More Than Seven (7) Years at hard labor."

**4.** Rule 404(b) provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a

person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**5.** The respondent and the State had both appealed this issue.

jury's decision regarding his dangerousness and likelihood of reoffending.

Nor was the probative value of the rebuttal testimony outweighed by its prejudicial impact. The testimony was brief and straightforward. These were not eight-year-olds describing recent traumatic events. They were adults matter-of-factly recalling unpleasant sexual encounters with [the respondent] during their childhoods. We conclude the court was well within its discretion to admit it.

*Id.* (citation omitted). *Williams* thus does not establish per se rules regarding when victim testimony will or will not be admissible in sexual-predator-commitment cases. Rather, the determinative question continues to be whether the trial court acted within its broad discretion in admitting or excluding such testimony.

The State had to prove beyond a reasonable doubt Springett was someone "who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes [him] likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." Iowa Code § 229A.2(8). As was discussed previously, Springett admitted at trial he raped P.S. However, his testimony did not provide a complete picture of his crime and sexual deviancy. *Cf. Williams,* 628 N.W.2d at 455 ("In chilling testimony [respondent Williams] estimated that, prior to 1992, he engaged in sexual fantasies about children 'probably as frequently as breathing.' "). P.S.'s testimony regarding what Springett had done to her was relevant both because it tended to prove he had a prior conviction and because it tended to prove his dangerousness and likelihood of reoffending. *See* 22 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure* § 5239, at 467 (1978) (stating rule 404(b)

"does not preclude the use of other incidents when the issue is the likelihood that the person will engage in certain conduct in the future"). Springett has not shown—and the record does not reveal—that this relevant testimony was significantly prejudicial to him in any way other than by being highly probative of his status as a sexually violent predator. *See* Iowa R. Evid. 403. The trial court did not abuse its discretion in allowing P.S.'s testimony. We affirm the trial court.

**AFFIRMED.**